[No. 6636.  Decided November 21, 1907.]

THE STATE OF WASHINGTON, *on the Relation of the Great Northern Railway Company et al., Respondents,* v. THE RAILROAD COMMISSION OF WASHINGTON *et al., Appellants.*[1]

CARRIERS—REGULATION OF RATES—RAILROAD COMMISSION—PLEADING AND ISSUES. Under Laws 1905, p. 145, § 3, authorizing the railroad commission to determine the reasonableness of rates, "Upon complaint made," and after a full hearing, the commission cannot, upon a complaint as to certain distance tariffs, make an order that certain other commodity rates shall not be increased, where the complaint alleged the latter to be fair and reasonable; since no issue was presented thereon and no order could be made relating thereto without notice and hearing; the remedy for an increase of such rates being by another complaint.

[1]Reported in 92 Pac. 457.

Appeal from an order of the superior court for Walla Walla county, Brents, J., entered December 21, 1906, in favor of the plaintiffs, overruling a demurrer to the petition, in an action to review an order made by the state railway commission fixing rates to be charged for the carriage of freight. Affirmed.

*The Attorney General* and *E. C. Macdonald* and *A. J. Falknor, Assistants,* for appellants. The railway commission may be authorized to fix rates. 19 Am. & Eng. Ency. Law (2d ed.), 686, and cases cited in notes; 23 Id., 658; *Mc-Whorter v. Pensacola etc. R. Co.,* 24 Fla. 417, 5 South. 129, 12 Am. St. 220, 2 L. R. A. 504; *Storrs v. Pensacola etc. R. Co.;* 29 Fla. 617, 11 South. 226; 10 Cent. Dig., Constitutional Law, § 100, and cases cited; *Chicago etc. R. Co. v. Jones,* 149 Ill. 361, 37 N. E. 247, 41 Am. St. 278, 24 L. R. A. 141; *Atlantic Exp. Co. v. Wilmington etc. R. Co.,* 111 N. C. 463, 16 S. E. 393, 32 Am. St. 805, 18 L. R. A. 393; Laws 1905, page 145, chapter 81; *Steenerson v. Great Northern R. Co.,* 69 Minn. 353, 72 N. W. 713. The power to fix rates is legislative and administrative. *State v. Chicago etc. R. Co.,* 38 Minn. 281, 37 N. W. 782; *Reagan v. Farmers' Loan & Trust Co.,* 154 U. S. 362, 14 Sup. Ct. 1047, 38 L. Ed. 1014; *In re Interstate Commerce Commission,* 53 Fed. 476; *Interstate Commerce Commission v. Cincinnati etc. R. Co.,* 76 Fed. 183; *Interstate Commerce Commission v. Brimson,* 154 U. S. 447, 14 Sup. Ct. 1125, 38 L. Ed. 1047; *Forsyth v. Hammond,* 18 C. C. A. 175, 71 Fed. 443; *State v. Simons,* 32 Minn. 540, 21 N. W. 750; *In re Village of North Milwaukee,* 93 Wis. 616, 67 N. W. 1033; *United States v. Ferriera,* 13 How. 40, 14 L. Ed. 42; *Gordon v. United States,* 117 U. S. 697; *In re Sanborn,* 148 U. S. 222, 13 Sup. Ct. 577, 37 L. Ed. 429.

*M. J. Gordon (L. C. Gilman, B. S. Grosscup,* and *W. W. Cotton,* of counsel), for respondents.

FULLERTON, J.—The Railroad Commission of Washington, on receiving complaints in writing to the effect that the freight tariff charged by the several railway companies operating in the State of Washington from Walla Walla to other places in the state were in excess of the charges for similar commodities shipped to the same places from certain other points and were unjust and discriminatory, within the meaning of the act establishing a railroad commission, instituted an inquiry to ascertain the correctness of the charge. To that end it prepared a complaint embodying the charges, and caused the same to be served upon the railway companies named, together with a notice to the effect that the matter complained of would be inquired into at a hearing to be held at Walla Walla on a certain date named in the notice. The complaint so filed and served contained, among others, the following allegations:

"XV.   That said defendant railroad companies, the Northern Pacific Railway Company, the Great Northern Railway Company and the Oregon Railroad & Navigation Company, and each of them, have promulgated, adopted and filed with the Railroad Commission of Washington, and have now in use, what is known as class and commodity rates on freight consigned from Seattle, Tacoma, Everett, Snohomish, Bellingham and Spokane to other points in the state of Washington, which rates so shown and enforced are fair, just and reasonable rates and charges.

"XVI.   That all shipments in less than carload lots from other points in the state of Washington, excepting the special freight rates hereinbefore referred to, from Walla Walla, are governed and controlled by the distance tariff promulgated and enforced by the different defendant railroads, and each of their distance tariffs have been filed with the Railroad Commission of Washington.

"XVII.   That the distance tariffs charged and enforced by the defendant railroads are greatly in excess of the commodity tariffs above mentioned, and in many instances double the amount of the commodity tariff for like distances under similar conditions, particularly in that portion of the state known as Eastern Washington.

"XVIII. That by reason of these facts an unjust discrimination exists, the railroads unjustly discriminating in favor of one locality as against other localities, in this, that freight originating in Spokane and destined to other points in Eastern Washington, to-wit: Colfax, Garfield, Sprague and other points, can be and is carried for approximately one-half the sum that similar freight originating at other points, to-wit: Colfax, Garfield, and Sprague and other stations of like distance to Spokane and other points in Eastern Washington can be and is carried under similar conditions.

"XIX. That said distance tariffs as charged by said defendant railroads are unjust and unfair and greatly in excess of what would be a fair, just and reasonable rate, and the same are unjustly discriminatory against other localities other than those possessing special commodity rates, and the same should be modified and changed, and a fair, just and reasonable rate or rates substituted therefor."

A hearing was had at Walla Walla on the date named, at the conclusion of which the commission found the facts substantially as they were set forth in the complaint. It thereafter entered the following order:

"This cause coming on for hearing on the findings of fact filed herein, and it appearing to the commission this cause has already been regularly heard, evidence having been introduced by and on behalf of complainant and by and on behalf of defendants, the cause having been duly argued and submitted and findings of fact having been filed therein, the commission being fully advised does now make the following order: That the classification of freight in the general distance tariffs promulgated and in force by the different defendant railroads, and numbered as follows:

"Northern Pacific Railway Company, General Distance Tariff No. 14275-WRC No. X-21, Jan. 25, '04. All of page 2, except the commodity, live stock, in No. 17756-WRC. No. X-32, June 5, '05. All of page 2, N. P. No. 14811-WRC, No. X-22, July 14, '04.

"Great Northern Railway Company, General Distance Tariff GFO No. 17300-WRC No. 7, Aug. 15, '06.

"Oregon Railroad & Navigation Company, General Distance Tariff L36-WRC No. X-4, June 6, '04.

"Washington & Columbia River Railway Company, all of page 9, W&RC No. 1700-WRC No. X-1, June 5, '05.
Be changed in so far as the relation which each class bears to the other, and that in lieu thereof the charges on the different classes of freight shall hereafter bear a fixed percentage relation to each other, as follows:

| | |
|---|---|
| Second class | 85 per cent of first class |
| Third class | 70 per cent of first class |
| Fourth class | 60 per cent of first class |
| Fifth class | 50 per cent of first class |
| A class | 50 per cent of first class |
| B class | 40 per cent of first class |
| C class | 30 per cent of first class |
| D class | 25 per cent of first class |
| E class | 20 per cent of first class |

"And it is further ordered: That the maximum charge on first class freight shall hereafter not exceed, for 5 miles or under, 10 cents per one hundred pounds; that there shall be added thereto a charge not to exceed 4 cents per one hundred pounds for each additional 5 miles said merchandise is carried up to and including 20 miles; that there shall be added thereto an additional charge of not to exceed 3 cents per one hundred pounds for each additional 5 miles over 20 miles and up to and including 50 miles that said merchandise may be carried; that there shall be added thereto a charge not to exceed 2 cents per one hundred pounds for each additional 5 miles over 50 miles and up to and including 300 miles that said merchandise may be carried; that there shall be added thereto a charge not to exceed 1 cent per hundred pounds for each additional 5 miles over 300 miles that said merchandise may be carried; that the maximum charge on other classes of freight shall be the percentage heretofore set out, which said class bears to first class freight for like distances as above provided: Provided, however, That the tariffs now in force, other than the distance tariffs above specified, shall not be changed so as to increase the rates, nor shall the said tariffs be cancelled without first obtaining the consent of the Railroad Commission of Washington."

Thereafter, the railway companies affected by the order petitioned the superior court of Walla Walla for a review of

the same, averring that the proviso to the effect that the tariff now in force, other than the distance tariffs specified, should not be cancelled or changed so as to increase the rates, without the consent of the commission, was beyond the powers of the commission and therefore void. The trial judge, on a demurrer to the petition, adjudged the proviso void and of no effect, and entered an order accordingly. The railway commission appeals.

By the third section of the act creating the railway commission of Washington, the commission is:

"Vested with power and authority, upon complaint made as hereinafter provided or by inquiry upon their own motion, after a full hearing, to make any finding declaring any existing rate for transportation of persons or property, or any regulation whatsoever affecting said rate or charge for transportation of loaded or empty cars or demurrage or reciprocal demurrage or the sufficiency of the train service and waiting rooms for passengers and rooms for freight and baggage to be unreasonable, or unjustly discriminatory, or insufficient, and to declare and order what shall be a just and reasonable rate, practice, regulation or thing to be charged, imposed, enforced or performed or followed in the future in the place of that found to be unreasonable or unjustly discriminatory or insufficient." Laws 1905, page 145, § 3.

Manifestly the express power to fix and establish rates conferred on the commission by the language here quoted, is power only to fix and establish rates to be followed in the future in place of rates found by the commission, after notice and full hearing, to be unreasonable or unjustly discriminatory; it does not expressly empower the commission, on complaint that particular rates are unreasonable or unjustly discriminatory, to establish or correct rates elsewhere against which no complaint is made, nor does it confer on it power to forbid railroad companies, operating in the state, from changing or modifying their existing tariffs not theretofore fixed by the commission, without the consent of the commission. Nor do we think the power here sought to be exercised

can reasonably be implied from the power conferred. It is true, as argued by the Attorney General, that the railroads may retaliate for any reduction of rates at one place by raising rates elsewhere sufficient to recuperate their losses, but we think the remedy intended by the act in force at the time this order was made was to institute a new inquiry, and proceed to a new hearing, until all tariffs throughout the state should be governed by orders made by the commission; that it would be going too far to say that the commission might, in order to adjust the rates from Walla Walla to other parts of the state, make permanent all existing railway tariffs.

It is further contended by the commission, however, that if the proviso is too broad as entered, it should be modified only so as to prevent its application to tariffs not specially mentioned in the complaint, but should be allowed to stand in so far as it affects the class and commodity rates on freight consigned from Seattle, Tacoma, Everett, Snohomish, Bellingham, and Spokane to other points in the state, which the commission found to be fair, just, and reasonable, since these rates were specially mentioned in the complaint. But an examination of the complaint will show that no complaint was made concerning these rates, but, on the contrary, that it was specially alleged that they were fair, just and reasonable. This raised no issue that the railroads were bound to answer. They were obligated to answer only as to those rates alleged to be unreasonable or unjustly discriminatory, and it is only such rates that the commission has power to adjust. Of course the commission may find the complaint not well founded, and may fix the existing rate as the future rate to be maintained, in which case the railroad would be without power to change it without consent of the commission; but as the law existed when the hearing here complained of was had, the only power to fix permanent rates conferred on the commission, was in cases where a complaint was made in some form charging the existing rate to be unreasonable or

unjustly discriminatory, and the railroads given an opportunity to be heard thereon.

The order appealed from is affirmed.

HADLEY, C. J., RUDKIN, CROW, MOUNT, DUNBAR, and ROOT, JJ., concur.