[No. 7469.    Decided April 6, 1909.] .

THE STATE OF WASHINGTON, *on the Relation of Northern Pacific Railway Company, Respondent,* v. RAILROAD COMMISSION OF WASHINGTON, H. A. FAIRCHILD *et al., Appellants.*[1]

CARRIERS—REGULATION OF RATES—RAILROAD COMMISSION—PLEADING—COMPLAINT—ISSUES. In a proceeding before the state railroad commission to change freight rates, an order as to commodities not mentioned in the complaint is void, as the commission can change rates only upon complaint made and a full hearing.

Appeal by the state railroad commission from a judgment of the superior court for Thurston county, Linn, J., entered February 19, 1908, in favor of the relator, annulling an order of the commission establishing certain terminal freight rates, upon certiorari to review the order of the commission. Affirmed.

*John D. Atkinson, Attorney General, J. B. Alexander, I. B. Knickerbocker,* and *E. C. Macdonald, Assistants,* for appellants.

*B. S. Grosscup* and *Geo. T. Reid,* for respondent.

MOUNT, J.—This appeal is taken by. the railroad commission from an order of the superior court of Thurston county, adjudging an order of the railroad commission, establishing ·

[1]Reported in 100 Pac. 987.

a terminal rate on hay, oats, barley, and mill feed from points on the line of the Northern Pacific Railway Company to Bellingham, Aberdeen, Hoquiam, and South Bend, null and void. In May, 1907, a complaint was filed by the railroad commission against respondent and other railway companies, charging that certain rates were unreasonable and excessive. A citation was issued and served upon all the companies named in the complaint. All appeared and answered. Evidence was taken by the commission on many questions, and final findings of facts were made, and an order followed fixing certain joint rates on wheat and potatoes from certain zones to certain points in the state, and ordering certain track concessions, and fixing the rate on hay, oats, barley, and mill feed shipped over the line of the Northern Pacific Railway Company from eastern Washington points to points on Grays Harbor, South Bend, Bellingham, and other branch lines in western Washington, the same as the rate charged to Kalama. The Northern Pacific Railway Company thereupon obtained a writ of review from the superior court of Thurston county to review this finding and order of the railroad commission relating to the rate on hay, oats, barley, and mill feed. The record was certified to the superior court, and upon a hearing, that court found that the order of the railroad commission, fixing the rate on hay, oats, barley, and mill feed, was void. This appeal is prosecuted by the railroad commission from that part of the order.

We find nothing in the complaint of the railroad commission which can justify the order of the commission on the commodities named. The only place where hay, oats, barley, and mill feed are mentioned in the complaint is in paragraph 24 thereof, and it is there stated that a joint rate exists on hay, oats, barley, and mill feed from eastern Washington to Seattle and Tacoma, for a continuous haul from points contiguous and equidistant from Seattle and Tacoma; that wheat bears the same classification as those commodities, and that

the exclusion of wheat from such joint rate is unreasonable. Paragraph 25 of the complaint reads as follows:

"That the towns of Aberdeen and Hoquiam in Chehalis county on Grays Harbor are flourishing towns, being distant from each other five miles more or less, and have a joint population exceeding twenty thousand people, and are growing and increasing in population with great rapidity; that there are good shipping facilities at such points and large shipping interests, and said points contribute largely to the revenue of the Northern Pacific Railway Company. That South Bend on Willapa Harbor in Pacific county is a prosperous city and contributes largely to the revenue of the Northern Pacific Railway Company. That the city of Bellingham in Whatcom county is a city having a population exceeding 35,000 people, and is on the line of the Great Northern Railway Company, the Northern Pacific Railway Company and the Bellingham Bay & British Columbia Railroad Company. That each of the towns and cities mentioned in this paragraph are desirous of establishing flouring mills, but by reason of their being compelled to pay in addition to the terminal rates to Seattle or Tacoma, the local rate from Seattle or Tacoma to such towns and cities, they are prohibited from establishing at such points flouring mills, to the great detriment of the cities and the inhabitants thereof. That each of said cities on all eastern interstate shipments is recognized as a terminal city, and is accorded the same rates that are accorded Tacoma and Seattle, by the Northern Pacific Railway Company, and Bellingham is accorded the same rates by the Great Northern Railway Company. That in addition thereto the Great Northern Railway Company accords to the city of Bellingham the same rates on all shipments of grain originating on its main line east of the Cascade tunnel as are accorded Seattle. That the Northern Pacific Railway Company has refused and still refuses to accord to the cities of South Bend, Aberdeen, Hoquiam, and Bellingham, terminal rates on grain consigned from points in eastern Washington, but charge the terminal rate to Seattle or Tacoma and then the local rate from there to the point designated, and that such rule, regulation and rate is unreasonable and discriminatory against the points named. And the Great Northern Railway Company refuses

to accord the city of Bellingham terminal rates on grains and cereals originating on its branch lines and off its main line, thus discriminating against the city of Bellingham; and that the rates charged to Seattle and Tacoma over the defendant roads would be and is a sufficiently remunerative rate and charge to be made for transporting freight to South Bend, Aberdeen, Hoquiam, and Bellingham, whether said rate be joint or otherwise."

The paragraphs of the prayer of the complaint relating to the subject under consideration states that notice be given to the railway companies of the time and place of hearing, to the end that orders may be entered establishing a joint rate on wheat from eastern Washington points to points on Puget Sound, Grays Harbor, and Willapa Harbor. We find nothing in the complaint which indicates that there was any complaint about the rates on hay, oats, barley, and mill feed, or that there would be any hearing or any investigation of the rate on these commodities between points in eastern Washington and points on the western Washington branch lines of the Northern Pacific Railway Company. The most that can be claimed of paragraphs 24 and 25 of the complaint is that the allegations there would justify an order fixing a joint terminal rate on wheat from eastern Washington points to Aberdeen, Hoquiam, South Bend, and Bellingham. But the commission on that point found as follows:

"As to that portion of the complaint asking that a joint terminal rate be extended to points on Grays Harbor, Willapa Harbor, and Bellingham Bay, the commission feel that by reason of the additional haul it would not be justified in extending an order to such points."

In the case of *State ex rel. Great Northern R. Co. v. Railroad Commission*, 47 Wash. 627, 92 Pac. 457, we held that the commission was authorized to fix rates only upon complaint made and after a full hearing. As we have seen above, no complaint was made against the existing rates on hay, oats, barley, and mill feed to Grays Harbor points, and no hearing was or could have been had thereon, and the com-

mission was not authorized to make an order therein changing such rates.

The order of the superior court was therefore right, and it is affirmed.

FULLERTON, CHADWICK, GOSE, DUNBAR, CROW, PARKER, and MORRIS, JJ., concur.