[No. 9554.   Department Two.   April 9, 1912.]

THE STATE OF WASHINGTON, *on the Relation of the Railroad Commission of Washington et al., Respondents,* v. OREGON RAILROAD & NAVIGATION COMPANY, *Appellant.*[1]

RAILROADS—REGULATION—DEPOT FACILITIES—COMPLAINT BY RAILROAD COMMISSION—SUFFICIENCY. A complaint filed by the railroad commission before itself, alleging that the depot facilities of the defendant at its various stations are inadequate, is a sufficient compliance with Rem. & Bal. Code, § 8632, requiring all grievances to be set out in the complaint, and confers jurisdiction to enter an order requiring the company to erect suitable depots at certain stations within a specified time.

SAME—OBJECTION TO COMPLAINT—WAIVER. Objection that complaint of a railroad company's depot facilities at all its stations was too general and indefinite to authorize an inquiry as to the facilities at a specific station, is waived where the company entered upon the trial of the issue without objection, and took no appeal to the courts from the order of the commission requiring the erection of a depot, Rem. & Bal. Code, §§ 8629 and 8632, providing for pleading, trial, and appeal, and that issues shall be made up without delay as in civil cases; and the objection cannot be first raised in a subsequent proceeding to collect the penalty for failure to comply with the order.

SAME—ORDERS OF COMMISSION—ENTRY—VALIDITY. Under Rem. & Bal. Code, § 8629, providing that an order of the railroad commission for furnishing additional facilities shall be served on the company by delivering a certified copy, an oral announcement by the chairman at the end of a hearing is not an order binding on the company, and does not preclude the commission from later entering a formal order and serving a copy on the company.

SAME—DEFINITENESS. In a proceeding to recover a penalty for failing to comply with an order of the railroad commission for the erection of a depot, complaint cannot be made of the order that it was indefinite as to the size and location of the building, where the company accepted and acted upon the order except as to the time for its erection, and it was definite as to such time.

CONSTITUTIONAL LAW—DUE PROCESS—EQUAL PROTECTION OF THE LAWS—PENALTIES—EXCESSIVENESS — POLICE REGULATIONS. The railroad commission act providing penalties for failure of the company to comply with orders of the commission for furnishing additional

[1]Reported in 123 Pac. 3.

facilities cannot be held unconstitutional as in contravention of the fourteenth amendment of the Federal constitution, in that the penalties are excessive; the imposition of penalties for disregard of police regulations being entirely within the control of the state.

CHADWICK, J., dissents.

Appeal from a judgment of the superior court for Whitman county, Pickrell, J., entered November 17, 1910, upon findings in favor of the plaintiffs, in an action to recover a penalty for failure to comply with an order of the railroad commission, after a trial to the court. Affirmed.

*W. W. Cotton, R. L. McCroskey,* and *Arthur C. Spencer,* for appellant.

*The Attorney General* and *Stephen V. Carey, Assistant,* for respondents.

ELLIS, J.—On May 3, 1909, the railroad commission of the state of Washington caused to be filed before itself a complaint against the Oregon Railroad & Navigation Company, alleging, among other things, that the depot facilities of the defendant at its various stations in this state were inadequate.

This complaint and a citation, directing the defendant to appear before the commission on June 9, 1909, in the city of Spokane, and giving notice that adjourned hearings would be had at the various stations on defendant's line to take evidence concerning the complaint, were regularly served upon the defendant on May 7, 1909. The defendant filed an answer to the complaint of the railroad commission on May 17, 1909, denying the principal allegations of the complaint, and alleging affirmatively that the defendant was maintaining adequate and sufficient station facilities along its lines of railroad. Pursuant to the citation, the commission convened in Spokane on June 9, 1909, and adjourned to meet at the station of Hay, upon the defendant's railroad line, in Whitman county, on the following day, where a hearing was had,

at which the commission took evidence and inquired into the sufficiency of the station facilities at that point. The defendant appeared by counsel and offered testimony. Its assistant general manager testified on its behalf. No objection was made to the jurisdiction of the commission under the complaint to make an investigation of the station facilities at Hay, nor was any question raised as to the sufficiency of the complaint, either in form or substance, to invoke that jurisdiction. Both parties then treated the complaint and answer as sufficiently putting in issue the adequacy of the station facilities at Hay, and proceeded with the hearing on that issue. At the close of the hearing, the chairman of the commission made an oral announcement as follows:

"An order will be entered providing that a suitable station building for the accommodation of the freight and passengers should be erected at or immediately in the vicinity of Hay by the company, at a point to be selected by the company, and the question as to whether the caretaker shall be provided or an agent installed will depend upon the showing of the earnings to be furnished the commission by Mr. Coman."

On July 27, 1909, the commission made and entered findings in the proceedings conducted under the complaint and answer, which findings, so far as they related to defendant's facilities at Hay, were as follows:

"That Hay is a station on the defendant company's line, having 3 general stores, blacksmith shop, harness shop, lumber yard and 2 warehouses; that a large amount of shipments occurs annually from Hay, consisting of approximately 200,000 bushels of grain annually; that the receipts from freight received approximate $1,500 annually; that the facilities for handling freight at Hay consists of a freight shed, approximately 12 by 14 feet in size, so constructed that there is no approach to the same by teams; that the station is frequently crowded and the freight crew do not deposit freight in the building, but the same is scattered along the right of way; that there is no shelter provided for persons taking the train at Hay."

On July 31, 1909, the commission made and entered a formal order in writing, which was as follows:

"It is by the commission ordered that a suitable station building be erected at Hay for the accommodation of passengers and storage of freight and that a caretaker be provided by the defendant company and kept at Hay, whose duty it shall be to open the station building half an hour prior to the scheduled arrival of trains and keep the same open for half an hour after the departure of such trains, during which time he shall deliver to the consignees any freight called for, belonging to said consignees; that he shall keep such station properly lighted and ventilated during such time. That such station building be erected in the vicinity of the present stockyards, and that the same be erected and the caretaker be installed within 45 days from and after the date of the service of this order upon the defendant company."

These findings and this order were served upon the defendant on August 10, 1909. It is admitted that the defendant did not, within twenty days after the service of the order, nor at all, institute in any court in the state of Washington any proceedings to review the order or to inquire into its reasonableness or lawfulness. By a compliance with the order, the depot would have been completed not later than September 24, 1909. It was commenced on December 19, 1909, and was not completed until January 11, 1910.

This action was commenced in the superior court in Whitman county on December 31, 1909, by the state upon relation of the railroad commission, to recover a penalty for the failure of the defendant to comply with the order. From a judgment assessing a penalty, the defendant has appealed.

At the trial, the fact that the depot as finally built was not located upon the exact site contemplated by the order was expressly abandoned as a ground of recovery. The only ground relied upon for recovery in the court below, and relied upon here for an affirmance of the judgment, was and is the fact that the defendant did not comply with the order within the time therein fixed. Neither in its answer in this action, nor by any offer of evidence, did the defendant set up or seek

to prove any excuse for not constructing the station building within the time required by the order.

(1)  ·The appellant's first contention is that the complaint filed by the railroad commission with itself, on May 3, 1909, upon which the inquiry was made resulting in the order for the violation of which a penalty is sought to be recovered in this action, was not a sufficient complaint to amount to a compliance with the railroad commission law, particularly, with the proviso found at the end of the first paragraph of § 6 (Rem. & Bal. Code, § 8632), which is as follows:

"Provided, all grievances to be inquired into whether by complaint made to the commission or by inquiry upon its own motion, shall be set out in the complaint, which shall be served upon the railroad, express, telephone or telegraph company, together with notice of the time and place of hearing."

By the third section of the act (Rem. & Bal. Code, § 8629) the commission is,

"vested with power and authority, upon complaint made as hereinafter provided or by inquiry upon its own motion, after a full hearing to make any findings declaring an existing rate, . . . or the sufficiency of trackage, industrial and commercial spurs, railroad connections, sidings, equipment, facilities, train service, accommodation in the shape of waiting-rooms for passengers and rooms for freight and baggage, or any rule or regulation concerning the quantity or character of baggage to be carried for each passenger, or the sufficiency and efficiency of any facilities or equipment used by any of such companies, to be unreasonable, insufficient, inefficient or unjustly discriminatory, and declare and order what shall be a just and reasonable rate, . . . to order that additional trackage, industrial and commercial spurs, sidings, equipment and facilities, be constructed and furnished, etc. . . ."

It is manifest from the foregoing excerpts from the statute that it confers full jurisdiction upon the commission to investigate upon its own motion the subject-matter of the hearing which was held at Hay on June 10, 1909, viz., the suffi-

ciency of "waiting rooms for passengers and rooms for freight and baggage,". and after full hearing to make findings and an order that "additional facilities be constructed and furnished." The jurisdiction over the subject-matter was complete, and the order was within that jurisdiction.

But it is argued that the complaint so filed was insufficient to invoke jurisdiction in that it did not specify what particular grievance or grievances would be investigated, and in that it was a "blanket" complaint, covering all of appellant's stations, and did not specifically state that the station facilities at Hay were inadequate. In support of this contention, the appellant cites, *State ex rel. Great Northern R. Co. v. Railroad Commission*, 47 Wash. 627, 92 Pac. 457, and *State ex rel. Northern Pac. R. Co. v. Railroad Commission*, 52 Wash. 440, 100 Pac. 987. These were rate cases. In the first the complaint referred only to certain named distance tariffs, while the order related to certain other commodity rates. It was held that the statute did not "expressly empower the commission, on complaint that particular rates are unreasonable or unjustly discriminatory to establish or correct rates elsewhere against which no complaint is made." The court further said: "But an examination of the complaint will show that no complaint was made of these rates, but on the contrary, it is specially alleged that they were fair, just and reasonable." In the second case cited, the complaint was specifically directed to rates on grain and cereals alone. It was held that, there being nothing in the complaint of the commission relating to the rates on commodities named in the order, the commission was not authorized to make the order changing the rates on such commodities. In each of these cases, the order was broader than the complaint and went to other rates or other commodities than those specified. In each of them the rule, *expressio unius est exclusio alterius*, was plainly applicable to the complaint. Manifestly the complaint and citation being directed to certain things par-

ticularly specified, the railroad could not be expected to answer anything else.

Moreover, in each of these cases the questions of the sufficiency of the complaint was raised by the railroad company upon direct attack, by appropriate proceedings for a review, and in the manner pointed out by § 3 of the statute hereinafter quoted. No such situation is presented by the complaint here in question filed by the commission before itself on May 3, 1909. That complaint applied generally to each and all of the stations on the appellant's line. The complaint related to a subject-matter within the jurisdiction of the commission. The order was no broader than the complaint. The case of *Siler v. Louisville & N. R. Co.*, 213 U. S. 175, cited by appellant, is persuasive authority for a contention that the complaint here in question should be held, *on direct attack*, too general in its allegations, but that question is not properly before us. That case arose upon a direct proceeding to enjoin the enforcement of the order. The statement of the case found on pages 181 and 182 of the report says:

"Before answering the complaints of Guenther, the lumber companies and the state of Kentucky against the defendant company and the other railroad companies in that state, the company, in this case, duly objected to the proceedings before the commission on various grounds, among them that the complaint did not state facts sufficient to constitute a cause of action against the company, and on the ground that the complaints were not sufficiently definite and specific, and that the complaints should show specifically what rates are claimed to be exorbitant, excessive or extortionate, or what commodity or which communities the rates of the company discriminate against.

"An objection was also duly and in season made that the commission had no power to fix a general maximum rate or rates for all commodities from and to all points within the state, but that specific complaint should be made as to the particular rates complained of."

No such case is presented here. The sufficiency of the com-

plaint was never raised before the commission nor before any court in the manner specifically pointed out and provided by the statute. We quote again from § 3 of the act (Rem. & Bal. Code, § 8629):

"The order of the commission shall of its own force take effect and become effective twenty days after notice thereof has been given to the railroad, express, telephone or telegraph company, affected thereby. Said order shall be served on such railroad, express, telephone or telegraph company by delivery of a certified copy thereof under the seal of the commission, either to the attorney for the railroad, express, telephone or telegraph company, or the said company itself. Service of said order upon any officer upon whom summons in civil actions might be served shall be sufficient service thereof. Any railroad, express, telephone or telegraph company affected by the order of the commission and deeming it to be contrary to law, may institute proceedings in the superior court of the state of Washington, in the county in which the hearing before the commission upon the complaint had been held, and have such order reviewed and its reasonableness and lawfulness inquired into and determined. . . . Said action of review shall be taken by the said railroad, express, telephone or telegraph company, affected thereby, within twenty days after notice of said order, and if said action of review is not taken within said time, then in all litigation thereafter arising between the state of Washington and the said railroad, express, telephone or telegraph company or private parties, and the said railroad, express, telephone or telegraph company, the said order shall be deemed final and conclusive. If however, said action in review is instituted within said time the said railroad, express, telephone or telegraph company shall have the right of appeal or to prosecute by other appropriate proceedings, from the judgment of the superior court to the supreme court of the state of Washington, as in other civil cases. . . ."

These provisions are too plain for construction. If the railroad company deemed the complaint too general or indefinite, it should have raised that question by demurrer, or by motion to make more specific, or by some objection in its answer, or at least by some objection at the hearing. Mere

candor would so dictate. Such would be the manner of settling issues in civil cases, and such is the course plainly pointed out by the statute for settling issues before the commission. The statute in § 6 (Rem. & Bal. Code, § 8632), provides that "issues shall be made up without delay as nearly as practicable as in civil cases." Had the objection now urged been thus raised and overruled by the commission, and the hearing then proceeded to final order, it would have been incumbent upon the railroad company either to acquiesce in the final order, as it did, or within twenty days after service of the order institute proceedings in the superior court "and have the order reviewed and its reasonableness and lawfulness inquired into and determined," upon the record made before the commission as required by the statute. The railroad company having failed to seek a review, the statute declares: "Then in all litigation thereafter arising between the state of Washington and said railroad . . . the said order shall be final and conclusive." Language more clearly applicable to the case before us cannot be conceived. Conceding that the complaint was too general in its allegations, it was sufficient to confer jurisdiction in the absence of any timely objection. *Southern Indiana R. Co. v. Railroad Commission*, 172 Ind. 113, 87 N. E. 966.

(2) It is contended that the appellant had the right to wait until the railroad commission attempted to enforce its order before challenging the sufficiency of the complaint. The statute makes the railroad commission an intermediate tribunal for the trial and determination of matters touching railroad rates and railroad facilities. *State ex rel. Oregon R. & Nav. Co. v. Railroad Commission*, 52 Wash. 17, 100 Pac. 79. It will not do to say that the objection that the complaint of May 3 did not state a cause of action may be raised at any time. That could only be true where that objection was raised in the original proceeding, or on appeal therefrom, or in a proceeding instituted directly to review that proceeding. We have been cited to no authority holding

that an objection that a complaint, concerning a subject-matter within the jurisdiction of the tribunal upon which a judgment not appealed from was founded, did not state a cause of action can be raised for the first time in another action brought to enforce rights founded upon such judgment, where a review or appeal from such judgment was expressly provided for by statute.  If there is any case so holding, it is palpably unsound.  Such a holding would make the litigation of the same cause of action never ending.  The authorities cited by appellant go no further than to hold that the objection that a complaint does not state a cause of action is available at any stage of the same proceeding, or on appeal from or in a direct review of the same proceeding.  The appellant having waived two opportunities to test the sufficiency of the complaint, having treated the complaint as sufficiently putting in issue its depot facilities at Hay, having appeared, answered, and tried out that issue without in any manner questioning the sufficiency of the complaint, having failed to ask a review of the proceeding in the time and the manner plainly provided by the statute, is now bound by the order.  In view of the express terms of the statute, the matter is too plain for argument.

(3)  It is next contended that, because the chairman of the commission, at the close of the hearing at Hay, announced what its ruling would be, that announcement exhausted its authority and was the only order the commission had jurisdiction to make.  A reading of the statute makes it plain that the announcement was not such an order as is contemplated by the act, and was not binding upon the railroad company in any event.  It was obviously never intended as an order, and was never served upon the railroad company.  The formal order of July 31st which was served upon the railroad was the real and only order entered.  *Gould v. Austin*, 52 Wash. 457, 100 Pac. 1029; *State ex rel. Jensen v. Bell*, 34 Wash. 185, 75 Pac. 641.

The statute, by a necessary implication, requires that all

orders of the commission shall be in writing.  It requires in express terms that, "said order shall be served on such railroad . . . by delivery of a certified copy thereof under the seal of the commission," etc.  The final and formal written order was so served.  If it did not comport with the law and the evidence, the railroad company had its right of review within twenty days after the service.  Having failed to take a review the order is, as we have seen, "final and conclusive."  The cases cited by the appellant in this connection are not apposite.  They merely hold that, where an election canvassing board has canvassed the votes and made its return, its powers are exhausted.  The distinction is obvious.

It is also argued that "if the railroad commission has authority to go into a town and select a certain site for a depot, and to order the railroad to erect a structure upon it, it has authority to go into a city and prepare an elaborate plan of terminal facilities, and compel the railroad to build" thereon.  It is contended that the assumption of such power is thus shown to be absurd, which is true but wide of the mark.  In the first place, the failure to comply with the order as to the *site* of the depot at Hay was expressly waived at the trial.  In the second place, if such an order as outlined by counsel ever confronts a railroad company, that company will probably avail itself of an immediate review of the proceeding as provided by the statute and have "its reasonableness and lawfulness inquired into and determined."  The cases cited by the appellant would be strong authority on such review as against such an assumption of power, but they are not authority for a contention that, where a full hearing had been had before the commission and the right to litigate the question in court has been accorded and waived, it can be relitigated in future actions.  It is to prevent such abuses that the direct review is accorded by statute.  It is to make an end of litigation that, failing such a review, the statute declares the order "final and conclusive" in future litigation.

(4)   It is next urged that the order was too indefinite to be enforced.   The argument is directed to the failure of the order to indicate the size and exact location of the building. The argument is hardly pertinent to the question before us. The commission accepted the railroad's performance of the order in all things except as to time.   The order was certain and definite in that particular.

(5)   It is also argued that the railroad commission act is unconstitutional as in contravention of the first section of the fourteenth amendment to the Federal constitution, because, it is claimed, the penalties designed to secure the observance of the orders of the commission are excessive.   As stated by the supreme court of the United States, in passing upon a similar contention, in *Minneapolis & St. L. R. Co. v. Emmons*, 149 U. S. 364-367:

"The answer to this is that there is no inhibition upon a state to impose such penalties for disregard of its police regulations as will insure prompt obedience to their requirements. . . .   And the extent of the penalties which should be imposed by the state for any disregard of its legislation in that respect is a matter entirely within its control."

See, also, *Atlantic Coast Line R. Co. v. Coachman*, 59 Fla. 130, 52 South. 377.

The other constitutional questions raised by the appellant are concluded by the decisions of this court.   *State ex rel. Oregon R. & Nav. Co. v. Railroad Commission, supra; State ex rel. Great Northern R. Co. v. Railroad Commission*, 52 Wash. 33, 100 Pac. 184.

The judgment is affirmed.

DUNBAR, C. J., CROW, and MORRIS, JJ., concur.

CHADWICK, J. (dissenting)—I can agree with what the majority has said in upholding the power of the public utilities commission to make and enforce its orders by resorting to the penalties fixed in the statute; but the question here is not whether penalties may be enforced generally, but whether

a penalty should be imposed in this case. The commission of necessity must have broad powers, and I have consistently voted to sustain those powers wherever attacked. But it does not follow that it is not bound by those rules of law which are held to control in other relations. In the instant case, a hearing was had. There were certain material things to determine. Was a depot a necessary convenience to the traveling public at Hay station, the kind of structure that would meet the needs of the public, and the time within which it should be built, were the proper subjects of inquiry. The commission made an order that a depot be erected, but it fixed no time for performance. Under every rule of law, it followed that the company had a reasonable time in which to obey. But thereafter and without notice or further hearing, the commission arbitrarily fixed a time certain within which the structure should be completed. This, in my judgment, it could not do without giving the company an opportunity to offer testimony.

Moreover, the order having been complied with before this proceeding was begun, it was a substantial compliance, and absolved the company from the penalties of the statute. The imposition of penalties is not favored in the law, and the object of the statute was not to collect revenue, but to provide for their imposition only in case of wilful neglect or refusal on the part of a company to comply with the orders of the commission. Now, when the commission, having full discretion, allowed the company to build the depot, taking no steps to enforce its order, the state should be estopped to claim the penalty. Indeed, I understand that, had the commission asked the full penalty which would amount to several thousand dollars, the court would hold the literal enforcement of the statute to be unreasonable. In principle there is no difference between the penalty for one day and that for thirty days. The company was entitled to a hearing on the issue of time. Not having had it, it might build within a reasonable time; and having built before action had been taken by

the commission, the penalty should not be imposed; for the manifest reason that the object of the order and of the law has been accomplished. It is not shown that any public or private right has suffered because of the delay, which as I believe was a permissive delay. The majority sees only the collection of revenue, and loses sight of the depot. In my opinion, the depot is the sublime object, and the penalty has no place except to compel its erection.

I believe that the conduct of the commission was such as to hold it to a waiver, so far as the element of time was concerned, and the judgment of the lower court should be reversed.