[No. 14844. Department Two. June 18, 1918.]

THE STATE OF WASHINGTON, *on the Relation of the Tacoma Eastern Railroad Company, Appellant,* v. PUBLIC SERVICE COMMISSION *et al., Respondents.*[1]

CARRIERS—REGULATION—OVERCHARGES — ORDER OF PUBLIC SERVICE COMMISSION—REVIEW—STATUTES. Under Rem. Code, § 8626-86, providing for writs of review to review "any order" of the public service commission, certiorari lies to review the commission's order for the repayment by a carrier of an overcharge; and the shipper need not first assail the order in an action to recover the overcharge authorized by Id., § 8626-91.

Appeal from an order of the superior court for Thurston county, Mitchell, J., entered April 25, 1918, quashing a writ of review to review an order of the public service commission directing the refund to a shipper of overcharges for transportation services. Reversed.

*F. M. Dudley,* for appellant.

*John E. Belcher,* for respondent James A. Belcher.

*The Attorney General* and *Hance H. Cleland, Assistant,* for respondent Public Service Commission.

HOLCOMB, J.—This is an appeal from an order quashing a writ of review and dismissing the proceedings. The facts leading up to this proceeding may be more

[1]Reported in 173 Pac. 626.

fully found in *Belcher v. Tacoma Eastern R. Co.*, 99 Wash. 34, 168 Pac. 782. On December 1, 1917, respondent Belcher filed with the public service commission of Washington a petition against appellant, alleging that appellant had overcharged the shipper for transportation services. A hearing was had by the commission, which resulted in an order made by it on March 28, 1918, ordering and directing the appellant, within thirty days from the service of the order, to refund and pay the respondent the sum of $11,173.77, with interest. Thereafter, April 6, 1918, appellant filed in the superior court of Thurston county its petition for a review of the order of the commission. A writ of review was issued, and respondent appeared pursuant to the writ and moved to quash the same upon the grounds: (a) That there was no provision in the law for a review of an order for the payment of an overcharge such as was made by the public service commission in the proceeding before it; (b) that § 86, ch. 117, Laws of 1911, p. 596 (Rem. Code, § 8626-86), by its terms provided for a review by the courts only of orders made by the commission relating to rates, service, and facilities; (c) that the relator had a plain, speedy, and adequate remedy at law as provided in § 91, ch. 117, Laws of 1911, p. 600 (Id., § 8626-91).

The public service commission appeared and filed a return in the lower court, which return not being material to the consideration of the question presented here, has, by stipulation, been omitted.

The trial court held that a writ of review would not lie under § 86, ch. 117, Laws of 1911, p. 596 (Rem. Code, § 8626-86), and that the only method by which such order could be assailed was in an action brought to recover the overcharge pursuant to § 91, ch. 117, Laws of 1911, p. 600 (Rem. Code, § 8626-91), and declined to pass upon any of the questions involved in a consider-

ation of the merits of the public service commission's order.

The record presents but one question, whether the order of reparation made by the commission is such as may be reviewed under § 86, ch. 117, Laws of 1911, p. 596, which provides:

"Any complainant or any public service affected by any order of the commission, and deeming it to be contrary to law, may, within thirty days after the service of the order upon him, or it, apply to the superior court of the county in which such proceeding was instituted for a writ of review, for the purpose of having its reasonableness and lawfulness inquired into and determined. Such writ shall be made returnable not later than thirty days from and after the date of the issuance thereof, unless upon notice to all parties affected a further time be fixed by the court, and shall direct the commission to certify its record in the case to the court." Rem. Code, § 8626-86.

In *State ex rel. Great Northern R. Co. v. Public Service Commission*, 76 Wash. 625, 137 Pac. 132, we said:

"Appellants argue that the words 'any order,' as used in § 86, should be interpreted to mean only final orders. This contention is disposed of in *State ex rel. Railroad Commission v. Oregon R. & Nav. Co.*, 68 Wash. 160, 123 Pac. 3, where it was held that the provisions of this section are so plain as to admit of no argument as to their meaning. The legislature has not limited the right of review to final orders, but has conferred that right, and fixed a limit within which it may be exercised, upon any order of the commission which is deemed contrary to law, 'for the purpose of having its reasonableness and lawfulness inquired into and determined.' That the legislature has a right to provide for the review of any order must be admitted; and when it has in express terms done so, it is not for the courts to say that such review should be, not from any order as in the language of the act, but only from any final order. This would mean a judicial amendment of

the act which, doubting our power, we are not disposed to make.''

It is claimed that § 86, *supra,* relates only to such orders by the commission as have to do with rates, service or facilities which affect future operations and the public, and that § 91 of the same act excepts proceedings for reparation from the right of review given by § 86, *supra.* There is no express exception in either of these statutes, nor can we make such an amendment. An exception is not to be presumed unless it is necessary to reconcile conflicting provisions. We cannot find any conflict in these statutes. Again, we are constrained to hold that the legislature, in using the words ''any order,'' meant all orders, unless they had specifically excepted therefrom certain orders or class of orders in the foregoing statutes. The trial court was of the opinion that appellant could properly urge his contentions brought in the review proceedings when the shipper brought suit to recover the amount awarded by the order of the commission, and that the appellant had a plain and adequate remedy at law. Be that as it may, the legislature has provided that any complainant or any public service company affected by *any order* of the commission may apply to the superior court for a writ of review for the purpose of having the reasonableness and lawfulness of the commission's order inquired into and determined. Certainly appellant does not need to wait until the shipper sues under § 91 of the act, Rem. Code, § 8626-91, and have the findings and order of the commission declared *prima facie* evidence of the facts therein stated.

Being of opinion that the trial court erred, the judgment is reversed, with direction to overrule the motion to quash the writ of review, and proceed.

MOUNT, CHADWICK, and MACKINTOSH, JJ., concur.