[No. 15668.  En Banc.  October 4, 1920.]

THE STATE OF WASHINGTON, *on the Relation of Tacoma Eastern Railroad Company, Appellant,* v. PUBLIC SERVICE COMMISSION *et al., Respondents.*[1]

CARRIERS (3-2)—OVERCHARGES — ACTION TO RECOVER — CONDITIONS PRECEDENT—STATUTES. The public service commission has jurisdiction to consider a complaint for a refund of excess freight charges although it relates to transactions prior to the passage of the act of 1911 (Rem. Code, § 8626-91) providing that complaints for overcharges shall be filed with the commission.

APPEAL (477)—DECISION—SCOPE OF DECISION IN GENERAL. It cannot be claimed that a decision upholding the jurisdiction of the public service commission to entertain a complaint for overcharges, and denying the defense of the statute of limitations, was the deciding of questions not involved in the case, where they were properly considered in the case and elaborately argued in the briefs manifestly to the end that an end should be put to the controversy.

CARRIERS (3-4)—CONTRACT—OVERCHARGES—DECISION OF COMMISSION—APPEAL AND REVIEW. A decision of the public service commission in terms ordering a recovery for overcharges on complaint filed by a shipper, pursuant to Rem. Code, § 8626-91, and a judgment on certiorari affirming the same, are not final decisions on the merits reviewable in the courts; since they but give the shipper the right to sue on the award and are merely *prima facie* evidence of the facts stated.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered October 16, 1919, affirming a decision of the public service commission

[1]Reported in 192 Pac. 1079.

ordering the refund of excessive freight charges for log shipments exacted by a carrier. Affirmed.

*F. M. Dudley* and *A. J. Laughon,* for appellant.

*Ellis & Evans,* for respondents.

Parker, J.—This is an appeal by the Tacoma Eastern Railroad Company from a judgment of the superior court for Thurston county, rendered on October 16, 1918, upon a writ of review, affirming a decision of the public service commission rendered and made on March 28, 1918, that the railroad company refund and pay to respondent Belcher, as assignee of the Tidewater Lumber Company, the sum of $11,173.77, with interest, as the aggregate of excessive and unlawful freight charges for log shipments exacted from the lumber company by the railroad company.

This controversy is one of long standing between the railroad company and the Tidewater Lumber Company and Belcher, as its assignee. It is claimed by Belcher to be a part of the controversy brought to the attention of the public service commission by a letter addressed to the commission by the traffic manager of the railroad company on December 6, 1915, wherein the railroad company asked to be allowed to cancel certain uncollected switching charges made by it against the St. Paul & Tacoma Lumber Company, and in connection therewith expressing a willingness, and in fact promising, if permitted to do so, to make refund of excessive freight charges exacted from the class of shippers over its line of which the lumber company was one. Upon consideration of this petition, the commission, on March 15, 1916, entered its two orders numbered 2,001 and 2,002; the former authorizing the cancellation by the railroad company of the switching charges, and the latter authorizing the rail-

road company to make refund of the other admitted excessive freight charges, but making no specific finding or order as to amounts due to any specifically named person or corporation. Thereafter, the railroad company having neglected and refused to refund to the Tidewater Lumber Company, or to Belcher, as its assignee, the sum demanded as excessive freight charges due them, and to which they would be entitled under the order of the commission, Belcher, as assignee of the lumber company, commenced an action in the superior court for Pierce county against the railroad company, seeking recovery of such excessive freight charges exacted by the railroad company from the lumber company. The railroad company's demurrer to Belcher's complaint in that action was sustained, and he declining to plead further, judgment of dismissal was rendered against him. Thereafter he appealed from the judgment of dismissal to this court, which judgment was, on November 14, 1917, affirmed by this court. *Belcher v. Tacoma Eastern R. Co.,* 99 Wash. 34, 168 Pac. 782. All the grounds of demurrer to Belcher's complaint in that action touching his right to recover, including those touching the merits of his claim as disclosed by the allegations of his complaint, were fully reviewed, discussed and decided by this court, all being decided in Belcher's favor, except as to the one question of the necessity of his first filing complaint with the public service commission and seeking an order of the commission requiring the railroad company to refund the claimed excessive freight charges, under § 8626-91, Rem. Code, being § 91, p. 600, Laws of 1911, as a prerequisite to his right to suing for recovery therefor in the courts. Reference to the opinion of this court in that case will disclose a more extended statement of the facts and issues there in-

volved than seems necessary here. We deem it sufficient for present purposes to note that the allegations of the complaint in that action set forth with sufficient particularity the nature and amount of the excess freight charges exacted by the railroad company from the lumber company to show that Belcher, so far as the merits of his claim was concerned, was entitled to a refund, if his claim was saved from the bar of the general statutes of limitation and the bar of the public service commission law, by the petition of the railroad company asking permission to refund all such excessive freight charges theretofore exacted by it. Judge Webster, speaking for the court in that case, after reviewing the facts as alleged in the complaint, stated the issues and the disposition thereof by the superior court as follows:

"A demurrer was interposed to the complaint upon three grounds: (1) that the court was without jurisdiction of the subject-matter of the action; (2) that the suit had not been commenced within the time limited by law, and (3) that the complaint does not state facts sufficient to constitute a cause of action. From an order and judgment sustaining the demurrer and dismissing the action, upon the refusal of appellant to plead further, this appeal was taken."

and then proceeded, reviewing at length the question of the court's jurisdiction, including the jurisdiction of the commission to make its order No. 2,002, upon which Belcher's claim was in that case rested; the question of whether or not Belcher's claim was saved from the bar of the statutes by the petition of the railroad company upon which the commission's order No. 2,002 was made; and the question of whether or not the complaint stated a cause of action; all of which questions were elaborately argued by counsel for the railroad company and by the court squarely decided in

favor of Belcher, except the one question as to whether or not Belcher's complaint failed to allege facts entitling him to recover in that particular case, in that he had failed to allege that he had made complaint to the public service commission and obtained an order from the commission requiring the railroad company to make refund to him of the alleged excessive freight charges sought to be recovered. Disposing of this question in concluding his opinion, after deciding all the other questions in favor of Belcher, Judge Webster said:

"It is next insisted that, if it be assumed that the commission had jurisdiction to make the orders and that the petition amounted to a new promise to pay, the order entered by the commission does not comply with the statute and consequently is not the proper basis of an action to enforce collection. This contention seems to be meritorious. Section 91 of the public service commission law (Laws 1911, p. 600) provides as follows:

" 'When complaint has been made to the commission concerning the reasonableness of any rate, fare, toll, rental or charge for any service performed by any public service company, and the same has been investigated by the commission, and the commission shall determine that the public service company has charged an excessive or exorbitant amount for such service, the commission may order that the public service company pay to the complainant the amount of the overcharge so found, with interest from the date of the collection.

" 'If the public service company does not comply with the order for the payment of the overcharge within the time limited in such order, suit may be instituted in any court of competent jurisdiction to recover the same, and in such suit the findings and order of the commission shall be *prima facie* evidence of the facts therein stated. If the complainant shall prevail in such action, he shall be allowed a reasonable attorney's fee, to be fixed and collected as part of the costs of the

suit. All complaints concerning overcharges shall be filed with the commission within two years from the time the cause of action accrues, and the petition for the enforcement of the order shall be filed in the court within one year from the date of the order of the commission.' Rem. Code, § 8626-91.

''The order entered by the commission in this case does not designate the individual shippers from whom the discriminatory exactions had been collected, nor does it ascertain or fix the amount due each. Section 91 of the act clearly contemplates that the commission must determine the amount of the overcharge in the first instance and its order constitutes the basis of the shipper's right of action in the superior court, in the event the public service company fails or refuses to comply with the order as entered by the commission. Under the holding in *Hewitt Logging Co. v. Northern Pac. R. Co., supra,* the appellant must first submit the claims to the public service commission and have the amount due determined by it and if, when this is done, the respondent refuses to comply with the order, institute an action in the superior court to enforce the collection of the amount found due. We deem it proper to say that the order of the commission constitutes the basis of appellant's right to apply to the public service commission within two years from the date of the order to have the amount of excess payments ascertained, and in the event the railroad company refuses to pay, appellant has the additional period of one year provided by the statute within which to commence an action in the superior court to enforce obedience to the order.

''We conclude, therefore, that upon the ground that the superior court did not have jurisdiction in the first instance to pass upon appellant's claims and to ascertain the amount due the Tidewater Lumber Company, the demurrer to the complaint was properly sustained and the judgment of the lower court is affirmed, but without prejudice to appellant's right to proceed in the collection of his demands in the method indicated in this opinion.''

Thus we think it is rendered plain that, since that action was commenced after the passage of the act of 1911, Belcher failed therein, so far as the allegations of his complaint were concerned, solely because of his failure to first present his claim to the public service commission and obtain an order thereon as prescribed by the act of 1911.

Contentions are here again made in behalf of the railroad company challenging the jurisdiction of the public service commission to consider Belcher's claim, rested upon the theory that the claim is not only barred by the statutes of limitation, but that the bar of the public service commission law is in effect a bar of jurisdiction as against the public service commission to considering such claims, and also that the public service commission is without jurisdiction to consider such claim because it relates to transactions occurring and concluded prior to the passage of the act of 1911. It seems to us that the decision of this court in *Belcher v. Tacoma Eastern R. Co., supra,* is decisive as against all of these contentions. It is here argued in behalf of the railroad company that the question of the jurisdiction of the public service commission to make its order No. 2,002, above referred to, upon which Belcher's claim partially rests, and the question of Belcher's claim being barred by the statutes, were not necessarily involved in that case, and, therefore, all that was said by Judge Webster therein is mere dictum, expressing, as contended by counsel for the railroad company, erroneous views of the law. We cannot so view the deciding of those questions in that case. It does seem that this court could have disposed of that case by merely deciding the question discussed in the above quoted portion of the court's decision, but the other questions were manifestly questions properly to be

considered in the case and were, by counsel for the railroad company, all strenuously and elaborately argued, manifestly to the end that an end should be put to the entire controversy favorable to the railroad company and against Belcher. An elaborate and lengthy argument is made by counsel for the railroad company in his brief in an effort to convince us that the decision in that case does not, under the circumstances, become the law of this case, and that, viewed as an exposition of the law, speaking generally, the views therein expressed are erroneous, except as to the one question decided in favor of the railroad company. We deem it unnecessary to follow counsel's argument on the question of all that was decided in that case being the law of this case in the narrow, technical sense, since we are, in any event, convinced that the view of the law there expressed on all those questions is sound and should control us in reaching our conclusions in this case.

Other contentions made by counsel for the railroad company have to do with the merits of the case—that is, such contentions challenge the correctness of the commission's decision upon the merits. If the decision and order of the commission in terms awarding recovery to Belcher, as assignee of the lumber company, were a final decision, capable of being enforced as a final judgment, we would probably feel called upon to dispose of these contentions, but such is not the effect of the decision and order of the commission, nor of the judgment of the superior court affirming the decision and order, as will be readily seen by reference to the quotation of the statute embodied in the above quoted portion of our decision in *Belcher v. Tacoma Eastern R. Co., supra.* That order and decision gives to Belcher no right save the right to sue in the courts to recover

upon his claim, in which suit the decision and order of the commission "shall be *prima facie* evidence of the facts therein stated." To review in the superior court or this court the decision of the commission upon the merits of Belcher's claim would be to attempt to decide the very questions which will be ultimately submitted for decision in the courts when Belcher seeks recovery therein of the award made him by the commission. We are not overlooking the decision of this court in *State ex rel. Tacoma Eastern R. Company v. Public Service Commission*, 102 Wash. 589, 173 Pac. 626, wherein it was held that proceedings of this nature before the public service commission are reviewable in the courts by reason of the broad language of § 86, Laws of 1911, p. 226; Rem. Code, § 8626-86; but we do not think that decision means that the merits of the controversy are reviewable in the courts when removed thereto by writ of review from the public service commission, as when the courts are called upon to review an order of the public service commission which becomes a final adjudication enforceable as a judgment. Of course, the jurisdiction of the public service commission, and other questions which may be decided purely as questions of law, may be reviewed in such cases. But for the courts to attempt to review the merits of the decision of the commission, we think, as already said, would be to try issues which must be ultimately tried in the action which may be brought to recover the award of the commission.

We conclude that the judgment of the superior court affirming the decision and order of the commission must be affirmed. It is so ordered.

ALL CONCUR.