[No. 16526.   Department Two.   November 14, 1921.]

JAMES A. BELCHER, *Respondent,* v. TACOMA EASTERN RAILROAD COMPANY, *Appellant.*[1]

CARRIERS (3-2)—COURTS (35)—PREVIOUS DECISIONS AS CONTROLLING—OVERCHARGES. Where, on a prior appeal, the law of the case has been decided as involving the measure of recovery for a violation by a carrier of the long and short haul provisions of the statute, the carrier cannot interpose an objection, in an action to recover upon an award made by the public service commission, that the shipper's case is one based .upon discriminatory charges, thereby requiring a different measure of recovery.

APPEAL (473, 475)—REVIEW—FORMER DECISION AS LAW OF CASE—QUESTIONS CONCLUDED. Where a decision on appeal, determining the proper measure of recovery by a shipper against a carrier, by necessary implication found with the public service commission in awarding refund for certain shipments, and the evidence before the court on a subsequent appeal is the same as on the prior appeal, there is nothing in the record to overcome the *prima facie* case as found by the commission.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered March 19, 1921, upon findings in favor of the plaintiff, in a shipper's

[1]Reported in 201 Pac. 750.

action to recover overcharges for hauling logs, tried on the merits to the court. Affirmed.

*F. M. Dudley, Geo. W. Korte,* and *A. J. Laughon,* for appellant.

*Ellis, Fletcher & Evans* and *J. E. Belcher,* for respondent.

PER CURIAM.—This appeal presents the final chapter of litigation which has heretofore occupied the attention of this court, and reference is made to the three former opinions of this court for a statement of the facts about which this controversy has been waged: *Belcher v. Tacoma Eastern R. Co.,* 99 Wash. 34, 168 Pac. 782; *State ex rel. Tacoma Eastern R. Co. v. Public Service Commission,* 102 Wash. 589, 173 Pac. 626; *State ex rel. Tacoma Eastern R. Co. v. Public Service Commission,* 112 Wash. 629, 192 Pac. 1079.

The instant case is the one brought as suggested in the last opinion above referred to, to recover upon the award made the respondent by the public service commission. We take it that the law of this case has been established by these prior decisions and it would be acarpous to again review the many intricate questions involved. The appellant, however, presses upon us that there are some questions which were left open by the prior decisions. One of these affects the measure of the respondent's recovery. It argues that the respondent's case, being based upon discriminatory charges, fixes the recovery at such an amount as would compensate him for the injury to his business resulting from such discrimination, whereas the measure of recovery allowed by the court was the difference between the rate paid by the respondent and the tariff rate, this recovery being such a recovery as is allowed

a shipper in actions for the violation of the long and short haul provisions of the statute. The answer to this is that this court has decided this very case to be one involving long and short haul violations, and it is too late now for that question to be reopened.

It is further claimed that the prior decisions of this court did not pass upon the contentions that it was error to award a refund on shipments made prior to November 1, 1906, and shipments made between November 1, 1906, and April 22, 1907. The answer to this position of the appellant is that the record shows the evidence to have been the same in the last appeal prior to this one as the evidence now before the court on this appeal, and that there is, therefore, now nothing in the record to overcome the *prima facie* case as found by the commission. The last appeal determined the proper measure of recovery, and by necessary implication, found with the commission in awarding refund for the shipments just above referred to.

We find, therefore, nothing new presented by this appeal, and in conformity with the law governing the facts as heretofore laid down, we affirm the judgment of the superior court.