[No. 16394.   Department Two.   November 28, 1921.]

TACOMA EASTERN RAILROAD COMPANY, *Appellant,* v.
PUBLIC SERVICE COMMISSION *et al.,*
*Respondents.*[1]

COURTS (35)—PREVIOUS DECISIONS AS CONTROLLING—STARE DECISIS.
Where the offer of a carrier to refund overcharges to shippers of
lumber on the basis of a preferential rate given one shipper has
been adopted as a rule by the public service commission and upheld
by the courts in the case of all shippers similarly situated, the
question has practically become *stare decisis.*

CARRIERS (3-1) — REGULATION — OVERCHARGES—POWERS OF PUBLIC
SERVICE COMMISSION. Where a carrier has agreed that a preferential
tariff on carriage of freight shall apply to other shippers of the
same commodity between points named, its published tariff is in
effect replaced by a lower one, and a shipper who has been com-
pelled to pay freightage according to the published tariff is dam-
aged to the extent of the difference between the published tariff
and the preferential rate accorded other shippers (MACKINTOSH, J.,
dissents).

Appeal from a judgment of the superior court for
Thurston county, Wilson, J., entered January 27, 1921,
affirming an order of the public service commission
directing the payment of overcharges to a shipper of
logs. Affirmed.

*F. M. Dudley, F. W. Korte,* and *A. J. Laughon,* for
appellant.

*Ellis, Fletcher & Evans, J. E. Belcher,* and *M. J.
Gordon,* for respondents.

HOVEY, J.—This is an appeal from the judgment of
the superior court of Thurston county affirming an
order of the public service commission directing the
appellant to pay to the respondent Electric Logging
Company $2,772.48 overcharges on shipments of logs.

[1]Reported in 202 Pac. 1.

This is a companion case to that of *Belcher v. Tacoma Eastern R. Co.*, which has been the subject of several opinions from this court, viz: *Belcher v. Tacoma Eastern R. Co.*, 99 Wash. 34, 168 Pac. 782; *State ex rel. Tacoma Eastern R. Co. v. Public Service Comm.*, 112 Wash. 629, 192 Pac. 1079; *Belcher v. Tacoma Eastern R. Co., ante* p. 512, 201 Pac. 750.

The respondent Electric Logging Company paid certain freight charges to the appellant during the period of time which was held in the *Belcher* cases to come within the terms of what is known as the Calkins letter, set out in full in our opinion in *Belcher v. Tacoma Eastern R. Co., supra,* and within the order of the commission based upon that letter, also set out in that opinion. The respondent filed its claim with the public service commission on December 5, 1917, and, by stipulation of the parties, it was agreed that the amount collected from the respondent on its published tariffs in excess of the tariff fixed by it for the St. Paul & Tacoma Lumber Company is the sum for which judgment was rendered.

We are asked upon this appeal to consider anew all the questions raised in the former litigation. It seems to us that the status of this letter and the following order of the commission have become *stare decisis,* and that there is an unequivocal offer on the part of the appellant to settle with all shippers occupying the position of respondent upon the basis adopted. The commission entered its order upon this offer, granting certain privileges to the appellant and ordering it to comply with the terms of its offer.

Contention is made that the public service commission does not have jurisdiction to pass upon discriminatory charges as distinguished from overcharges. This contention was disposed of in *Belcher v. Tacoma Eastern R. Co., supra.* It is further contended that,

even if it assumes jurisdiction of discriminatory charges, the proper basis of estimating the same is not the difference between what is charged a favored shipper and the published tariffs, but the actual damage suffered. Admitting this rule in a proper case, in this case we see no distinction, for the method of settlement agreed upon and ordered was a refund to all shippers of all charges in excess of those made against the shipper with the preferential tariff. By its letter, which was adopted by the commission as the basis of the order, the appellant in effect agreed that the rates charged the St. Paul & Tacoma Lumber Company should become the tariff, during the times stated, between the points named for this commodity, and this was general as to all shippers so situated. This, in effect, replaced the published tariff with the lower one. If all shippers other than this one are to have a lower rate than the published tariff, it would seem fair to assume that the damage to this particular shipper will be the difference between the published tariff and the amount charged other shippers, and the sums awarded are merely overcharges.

The judgment of the superior court is affirmed.

The respondent Electric Logging Company will recover its costs.

PARKER, C. J., MAIN, and HOLCOMB, JJ., concur.

MACKINTOSH, J. (dissenting)—I dissent in this case for the reason that I believe that the decision of this court in the *Belcher* case is erroneous, and that there exists in the record in this case sufficient to permit of reconsideration of the entire matter, and that such a reconsideration would compel a reversal of the judgment of the superior court.