[No. 17157.   *En Banc.*   January 2, 1923.]

NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*, v. DEPARTMENT OF PUBLIC WORKS *et al., Respondents.*[1]

CARRIERS (3-4)—REGULATION BY STATE COMMISSIONERS—APPEAL AND REVIEW. An order of the department of public works, re-opening a cause for a further hearing, after dismissing a complaint for the recovery of overcharges, is a final order and therefore reviewable under Rem. Comp. Stat., §§ 10428, 10448.

SAME (6).—CONTROL — DISCRIMINATION — OVERCHARGES — LIMITATIONS. Rem. Comp. Stat., § 10433, providing that complaints for the recovery of overcharges shall be filed with the commission within two years from the time the cause of action accrues, is not a mere statute of limitations, but is a jurisdictional bar creating a limit beyond which no cause of action will lie for overcharges.

SAME (3-1)—CONTROL BY STATE COMMISSION—POWERS—REOPENING CASE. Rem. Comp. Stat., § 10432, providing that the public service commission may, upon notice, rescind any order or rule, does not empower the commission to reopen the dismissal of a complaint for overcharges for further evidence, after the lapse of four years and the expiration of the period fixed by statute barring the presentation of the claim.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered January 26, 1922, affirming an order of the department of public works directing the refund to a shipper of overcharges exacted by a carrier. Reversed.

[1]Reported in 211 Pac. 876.

22—122 WASH.

*Geo. T. Reid, J. W. Quick,* and *L. B. daPonte,* for appellant.

*The Attorney General* and *Raymond W. Clifford, Assistant,* for respondent Department.

*John E. Belcher,* for respondent International Spar Company.

## On Rehearing.

Holcomb, J.—A complaint was filed before the public service commission of the state of Washington on July 14, 1917, by Miller & Murray, co-partners doing business as the International Spar Company, against the Northern Pacific Railway Company, for alleged discrimination in freight charges on logs or spars, against the complainants, upon shipments between certain points within the state of Washington.

That complaint alleged no specific amounts of overcharge, and demanded no refund or reparation. It was dismissed by the commission upon the hearing, on the ground that the complainant did not attack the reasonableness of a rule and rate published by the railway company, but charged discrimination; the commission deciding that the proper tariff rate having been charged to complainant, the railway company could not be held guilty of discrimination.

No writ of review was sued out within thirty days, or at all, and no further proceedings were had in the cause before the commission until August 10, 1921, when there was filed with the department of public works, which had succeeded to the duties of the former public service commission, a petition for the reopening of cause No. 4452, the cause heretofore referred to. This petition refers to, and repeats the statements of the first petition, and further states that, after the Government assumed control of the railways, about

January 1, 1918, a complaint was filed with the Interstate Commerce Commission by Miller, alleging that the same rates charged him for transportation of long timbers between the same specified points on the Northern Pacific Railway, within the state of Washington, were unreasonable and unjust in certain specific amounts. In that case, the Interstate Commerce Commission held the rates to be unreasonable, and ordered reparation to be made by the railroad administration for the period only of Federal control. *Miller v. Director General, as. agent, and Northern Pacific R. Co.*, 60 I. C. C. 162. The petitioner therefore prayed that cause No. 4452, public service commission proceedings, be re-opened for further proceedings, and that he be permitted to file an amended complaint. The railway company appeared and objected to the re-opening of the cause by the department on the ground that it was without jurisdiction so to do.

On September 30, 1921, the department made an order re-opening the cause, permitting an amended complaint to be filed, and ordered that the cause be set for hearing on October 7, 1921, at which time both parties might appear and offer additional evidence. An amended complaint was filed by petitioner before the department of public works, alleging the unlawful and excessive rates charged, and praying an order commanding the railway company to cease and desist from such unlawful charges, and for the commission to establish lawful rates for the future, and that reparation for excessive charges exacted and paid prior to Federal control be ordered paid unto the complainant in the sum of $1,272.66, together with interest thereon. It was prayed that the rates be charged from and after March 1, 1920, when Federal control ceased.

The acts complained of as intrastate charges oc-

curred prior to Federal control, and between August 24, 1917, and December 22, 1917. Petitioner alleged that the same overcharges were held to be unreasonable and excessive by the Interstate Commerce Commission on shipments after those dates.

Within the time prescribed by law, appellant sued out a writ of review of the order of the department of public works, to the superior court.

It was contended by respondent in the court below, and is here contended, that the order of the department re-opening cause No. 4452 for a further hearing, is not a final order, and therefore not subject to review.

The trial court correctly held that the order re-opening the cause is a final order so far as this question is concerned, and is therefore reviewable under the statute. *State ex rel. Tacoma Eastern R. Co. v. Public Service Commission,* 102 Wash. 589, 173 Pac. 626; Rem. Comp. Stat., §§ 10428, 10448.

Appellant raises three principal questions: (1) Did the department of public works have jurisdiction of the parties and the subject-matter? (2) Did the failure of the International Spar Co. to seek a review of the order of September 14, 1917, make that order a final order in the sense that the department of public works lost jurisdiction of the parties? (3) Did the department of public works have authority to set aside its order of September 14, 1917, and re-open the cause for further testimony after the lapse of nearly four years?

Respondent insists that there is but a single question presented on this appeal, and that is: Did the department of public works have jurisdiction to act upon plaintiff's petition to re-open?

The trial court held that the claim is not barred by the statutory limitation of two years provided by

§ 10433, Rem. Comp. Stat., because of the Federal control act, and the President's proclamation taking over appellant among other railroads seized for war purposes, basing his decision upon *Northern Pac. R. Co. v. State of North Dakota ex rel. Langer,* 250 U. S. 135.

All that was held in that case was that, during the Federal control of railroads, under the war time Federal transportation act, Federal control was exclusive over intrastate, as well as interstate rates and regulations, and state functions to regulate even intrastate rates were suspended. We held in *Hewitt Logging Co. v. Northern Pac. R. Co.,* 97 Wash. 597, 166 Pac. 1153, 3 A. L. R. 198, that it was a condition precedent to the right to sue for reparation that the complaint be made before the regulatory commission under our statutes within two years; and we held in the same case, and in *Belcher v. Tacoma Eastern R. Co.,* 99 Wash. 34, 168 Pac. 782, that the complaint to the regulatory commission was necessary before an action for the recovery thereof in a court, under § 10433, Rem. Comp. Stat., could be maintained.

Under the corresponding provision of the Federal statutes regulating transportation and traffic charges, which reads: "Complaints for the recovery of damages shall be filed with the commission within two years from the time the cause of action accrues, and not after," (34 U. S. Stat. at Large 590), the supreme court of the United States, in *United States ex rel. Louisville Cement Co. v. Interstate Commerce Commission,* 246 U. S. 638, held that it was jurisdictional that such complaints to recover reparations or damages for overcharges should be filed within two years. In that case, the court held that the cause of action accrues to the shipper, within the meaning of the

provision, when the unreasonable charges are paid, not when the shipment is received or delivered by the carrier. It was said:

"The holding of the commission was, not that having jurisdiction over the claim, upon consideration thereof, it was found to be barred by a statute of limitation, but that the language of the two-year provision of the act was jurisdictional and placed it so beyond its power that it could not be considered at all, and that, for this reason, the petition, to the extent it related to the overcharges paid on February 1, 1911, was dismissed.

"We agree with this conclusion of the commission, that the two-year provision of the act is not a mere statute of limitation, but is jurisdictional,—is a limit set to the power of the commission as distinguished from a rule of law for the guidance of it in reaching its conclusion." Citing *Interstate Commerce Commission v. Northern Pac. R. Co.*, 216 U. S. 538; *Phillips Company v. Grand Trunk Western R. Co.*, 236 U. S. 662.

There is no difference between the language of our statute above cited and the Federal statute, except that the Federal statute contains the words "and not after," following the limiting period of two years; but that constitutes no real difference in the statutes. In other words, our statute is not a mere statute of limitation, but is a statute creating a limit beyond which no cause of action will lie for such overcharges and which cannot be extended nor suspended.

The trial judge also thought that, under the provisions of the public service commission law, § 10432, Rem. Comp. Stat., very broad discretionary power was given the department in matters of this kind, and sufficiently broad to warrant the order re-opening the case. We are unable to agree with this view. True, the language of the statute above cited is very broad, providing that

"upon notice to the public service company affected, and after opportunity to be heard as provided in the case of complaints, [the commission] may rescind or amend any order or rule made, issued or promulgated by it, and any order or rule rescinding, altering or amending any prior order or rule shall, when served upon the public service company affected, have the same effect as herein provided for original orders and rules."

We do not think the commission has authority and jurisdiction to allow a proceeding to be re-opened after it has become final, because no review was sought by the party injured, and the lengthy period of four years having been allowed to pass, where the period of the statute creating the bar to its presentation had elapsed, as are the conditions in this case.

We are therefore of the opinion that the department of public works was without jurisdiction to entertain the petition for the recovery of reparations.

The judgment of the trial court and the order of the commission are, therefore, reversed and the proceeding dismissed.

All concur.