[No. 17675. Department One. February 24, 1923.]

TACOMA GRAIN COMPANY, *Appellant,* v. NORTHERN PACIFIC RAILWAY COMPANY, *Respondent.*[1]

CARRIERS (3-2, 3-4)—OVERCHARGES—ACTIONS TO RECOVER—ORDER OF COMMISSION—JURISDICTION OF COURTS. Under Rem. Comp. Stat., § 10433, providing that suit must be brought on a department award of reparation for overcharges by a carrier within one year, notwithstanding the only method of testing the reasonableness and lawfulness of the order is by writ of review, under Id., § 10428, the mere pendency of a writ of review does not defeat the jurisdiction or right of action, in view of Id., § 10429, providing that the writ of review shall not of itself stay or suspend the operation of the order of the department, and that the granting of stay shall be within the discretion of the superior court.

SAME (3-2)—OVERCHARGES—ACTION TO RECOVER—ORDER OF COMMISSION—STATUTES. Where an order of the department awarding reparation for overcharges by a carrier did not recite, as provided in Rem. Comp. Stat., § 10435, that "it deemed it necessary to insure prompt payment of the reparations," it cannot be objected that the order entered for the award was a judgment by the fact-finding body, and beyond the power of the legislature, as authorized by Id., §§ 10434-10439, in case the department deems it necessary to secure prompt payment of the award.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered October 14, 1922, dismissing an action by a shipper to recover overcharges for demurrage exacted by a carrier. Reversed.

*John E. Belcher,* for appellant.

*Geo. T. Reid, C. H. Winders,* and *L. B. da Ponte,* for respondent.

HOLCOMB, J.—The lower court entered a judgment of dismissal for want of jurisdiction, on motion of respondent, in an action brought by the appellant against the respondent as a public carrier, on a repara-

[1] Reported in 213 Pac. 22.

tion order issued by the department of public works. On August 28, 1922, the department of public works, after hearing, ordered respondent to refund to appellant on or before September 20, 1922, $3,514, with interest, as the amount of overcharges found by the department to have been illegally exacted by respondent for demurrage. Nothing was paid by respondent upon this order within the time specified by the department, which was twenty days, and on September 28, 1922, appellant brought this action in the superior court for Pierce county to recover the same.

On October 11, respondent moved to dismiss the action for want of jurisdiction, basing its motion upon an affidavit of counsel for respondent to the effect that a writ of review was pending to review the order of the department of public works in the superior court for Thurston county, where, only, such orders are reviewable. The affidavit showed that the order had not been superseded, but that the application for supersedeas was pending in the superior court for Thurston county and had not been determined. Abatement of this case was not pleaded or prayed.

Appellant's complaint set forth that it had caused a complaint to be filed with the department of public works for the determination by the department of the question of refund due it for overcharges on account of demurrage, and that issue had been joined and a hearing had. That thereafter, on August 28, 1922, the department, after due consideration of all the facts, entered findings of fact and determined that the sum of $3,514, together with interest at six per cent from April 21, 1920, was the amount of unlawful overcharge made by the defendant (respondent here), and entered an order requiring the defendant to refund and pay the same, with interest. It was alleged that a certified

copy of the findings of fact and order of the department were served upon respondent on August 31, 1922, and that more than twenty days had elapsed since the service of the order of the department upon respondent, and respondent had failed, neglected and refused to pay the sum ordered, either to the department of public works or to appellant, and demanded judgment for the amount thereof, together with attorney's fees.

The statute, § 10433, Rem. Comp. Stat., provides that, "If the public service company does not comply with the order for the payment of the overcharge within the time limited in such order, suit may be instituted in any court of competent jurisdiction to recover the same."

Another section, § 10429, Rem. Comp. Stat., further provides:

"The pendency of any writ of review shall not of itself stay or suspend the operation of the order of the commission, but the superior court in its discretion may restrain or suspend, in whole or in part, the operation of the commission's order pending the final hearing and determination of the suit."

Respondent insists that, since § 10428, Rem. Comp. Stat., provides that any public service company affected by any order of the commission, and deeming it contrary to law, may, within thirty days after service of the order, apply to the superior court of the county in which such proceeding was instituted for a writ of review for the purpose of having its reasonableness and lawfulness inquired into and determined, no court could obtain jurisdiction of the action provided by § 10433, *supra,* and that the only way in which the lawfulness of the order of the commission could be tested and determined was by writ of review under § 10433, *supra.*

It is true that we have held that that is the only method of testing and determining the reasonableness and lawfulness of the commission's order. *State ex rel. Railway Commission v. Great Northern R. Co.*, 68 Wash. 257, 123 Pac. 8; *State ex rel. Great Northern R. Co. v. Public Service Commission*, 76 Wash. 625, 137 Pac. 132; *State ex rel. Tacoma Eastern R. Co. v. Public Service Commission*, 102 Wash. 589, 173 Pac. 626.

Nevertheless, since § 10433 provides that suit must be brought on the award of the department, and we have decided that, in such suit, the merits of the controversy as to the justness of the award may be put in issue, tried and determined (*State ex rel. Tacoma Eastern R. Co. v. Public Service Commission*, 112 Wash. 629, 192 Pac. 1079), appellant had an undoubted right to institute its action in a court of general jurisdiction upon the award. Under the statute, it had that right at any time within one year from the date of the order of the commission. The pendency of the writ of review does not of itself stay or suspend the operation of the commission's order. Supersedeas of the order of the commission on writ of review is not allowed as a matter of course, but is granted in the superior court having jurisdiction of the review proceeding, which may "in its discretion restrain or suspend, in whole or in part, the operation of the commission's order pending the final hearing and determination of the suit." Rem. Comp. Stat., § 10429. Had abatement of this cause been pleaded and prayed, a different question would be presented.

Respondent next contends that the appellant already has a judgment against it by reason of the form of the order made by the commission, and the provisions of the Laws of 1921, p. 336 (Rem. Comp. Stat., §§ 10434 to

10439), by which the department has entered the judgment against respondent under § 10435.

We will not determine in this matter whether the department of public works, a fact-finding body having administrative powers, has power to enter a *judgment* which can be enforced under the provisions of the act of 1921, *supra*. Superficially, it might be suspected that the commission has no such power, notwithstanding the statute referred to; but we will determine that question when it arises in an appropriate manner. It suffices for this cause to say that the commission did not, as provided in § 10435, *supra*, recite in the order awarding the overcharges against respondent that "it deemed it necessary to insure prompt payment of the reparations of the complainant," and, moreover, appellant has proceeded in accordance with § 10439, which continues in force all of the provisions of the Laws of 1911, p. 538, including § 10433, *supra*, giving the right of an action for the recovery of overcharges which was theretofore given.

Respondent's fourth contention is that the review proceedings do not constitute another action pending, as argued by appellant, but is a proceeding in the same action, which divests any court of jurisdiction to proceed in another action to determine the lawfulness of the order.

We would assent to that proposition were it not for the language of the statutes which we have heretofore set out.

We are of the opinion that, should the review proceeding result in the nullification of the order of the commission against respondent, respondent would have an ample remedy against appellant in this case to recover any amounts paid, and we are also of the opinion that the reasonableness of the order, and of

the attorneys' fees claimed by appellant, can be fully tried and determined in the action brought by appellant in the superior court for Pierce county. *State ex rel. Tacoma Eastern R. Co. v. Public Service Commission,* 112 Wash. 629, 192 Pac. 1079.

We therefore conclude that the judgment of dismissal must be reversed and the cause remanded and reinstated for further proceedings.

MAIN, C. J., MACKINTOSH, MITCHELL, and BRIDGES, JJ., concur.