[No. 17866.   Department One.   July 3, 1923.]

NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*, v.
THE DEPARTMENT OF PUBLIC WORKS *et al.*,
*Respondents.*[1]

CARRIERS (3-3) — PAYMENT (32) — RECOVERY OF OVER-CHARGES —
VOLUNTARY PAYMENT. Where a railroad company assessed a shipper
for demurrage charges on cars held under constructive placement
and the shipper voluntarily paid the same without protest, after
reaching a complete and satisfactory adjustment, the payments were
voluntary and cannot be recovered back.

Appeal from a judgment of the superior court for
Thurston county, Wright, J., entered January 8, 1923,
sustaining the findings and order of the department of
public works allowing demurrage charges, after a
hearing on a writ of review. Reversed.

*Geo. T. Reid, C. H. Winders,* and *L. B. da Ponte,* for
appellant.

*The Attorney General* and *Raymond W. Clifford,
Assistant,* for respondent Department of Public Works.

*J. E. Belcher,* for respondent Tacoma Grain Company.

HOLCOMB, J.—Respondent filed a complaint before
the department of public works, for the recovery of
reparations in the form of demurrage charges on cars
of grain, held in constructive placement, in March,
1920, in appellant's yards, in the sum of $3,514, to-
gether with war tax in the sum of $105.42, aggregating
the sum of $3,619.42, which respondent alleged it was
required to and did pay to appellant involuntarily and
under protest.

The complaint is long and voluminous. The answer
of appellant admitted an agreement as to average de-

[1]Reported in 217 Pac. 13.

murrage charges, and that the assessments of the
demurrage charges were made thereunder, and denied
that they were involuntarily paid, and denied the
charge of unlawful or arbitrary action. Other allega-
tions were affirmatively made not necessary to be here
noticed, on account of the nature of our decision.

A hearing was had and findings of fact and an order
made by the department of public works, allowing the
reparations in the sum of $3,514, but disallowing the
war tax of $105.42.

Hearing on the merits of the review proceeding was
had before the superior court for Thurston county, and
an order entered sustaining and affirming the order of
the department of public works, from which this ap-
peal results.

Brushing aside all other questions, this case must be
determined upon the fifth contention made by appel-
lant, that "the payment made by the Tacoma Grain
Company was voluntary, with full knowledge of the
facts, and therefore cannot be recovered back."

These constructive placement demurrage charges all
occurred during the month of March, 1920. At the
close of that month, a statement of account was ren-
dered by appellant to respondent. It was checked over
by respondent's traffic manager, credits were claimed
and allowed, and a complete and satisfactory adjust-
ment having been reached, respondent voluntarily paid
the bill, including the war tax, in the sum of $3,619.42.
Respondent brushes this lightly aside by asserting that
the payment made by it, which is sought to be recov-
ered, was involuntary, and therefore it can be recov-
ered back. It is declared that the law is well settled
that a carrier and shipper are in no sense dealing on
equal terms, and "money thus paid is not voluntarily

paid, as the law interprets that phrase," citing 10 C. J. 449, Note 80, and cases.

The text cited does not bear out the assertion. The text is:

"Where a carrier refuses to accept goods offered for transportation, or to deliver goods accepted for transportation, unless paid a sum in excess of what is reasonable, or in excess of an amount fixed by law or contract, and the sum so demanded is paid under protest, an action lies at common law in favor of the consignor or the consignee, as the case may be, to recover back the unlawful excess; and according to a number of decisions such excess may be recovered where no protest was made at the time of payment, the decisions so holding taking the view that a payment so made is not voluntary; but other decisions take the view that the payment of excessive freight charges without protest is a voluntary payment, and that the excess cannot be recovered back, in the absence of fraud or deception."

Here an adjustment was mutually agreed upon. There was no protest made at the time. Respondent claims only that, had it known of a decision of the Interstate Commerce Commission, being the decision in *Union Bag & Paper Corp. v. Director General,* 61 I. C. C. 424, as corrected in 69 I. C. C. 711, it would not have agreed to the settlement nor to the charges.

It appears to us that both respondent and the department of public works misinterpreted, to some extent, the decision of the Interstate Commerce Commission, *supra.* Be that as it may, however, the construction of the Interstate Commerce Commission upon the constructive placement and consequent demurrage charges in that case, in no way affects the right of respondent to make an amicable adjustment of the controversy between it and appellant. No payment had been exacted as a condition to accepting or

delivering goods, nor were the charges in excess of the published tariffs, nor was payment demanded as a condition to accepting cars for transportation or of making delivery at destination. A bill for the charges was given respondent, a deduction was allowed, another claim was put forward which was denied, and then the amount agreed to was voluntarily paid.

"Except where otherwise provided by statute, a party cannot, by direct action or by way of set-off or counter-claim, recover money voluntarily paid with a full knowledge of all the facts, and without any fraud, duress or extortion, although no obligation to make such payment existed. This rule is an elementary one and in applying it the courts have held that it makes no difference that the debt paid was that of a third person." 30 Cyc., p. 1298.

Even in a case for the recovery of additional freights after an amicable adjustment between the carrier and the shipper, where it was contended that the parties could not have entered into a binding agreement for a different rate than that fixed by the rules, tariffs, etc., under the Act of Congress, nevertheless a settlement between them of their respective liabilities on account of the shipments would not be overthrown. *St. Louis Southern R. Co. v. Spring River Stone Co.*, 169 Mo. App. 109, 154 S. W. 465. This case was affirmed by the United States Supreme Court on writ of error in a case between the same parties, reported in 236 U. S. 718.

There are, of course, certain adjustments or attempted ones between carriers and shippers which are forbidden by specific statutes that could not be sustained; but if a settlement such as the one now under consideration should not be sustained, it would be useless for a carrier and a shipper to attempt to settle their differences as to the liabilities between them-

selves, and each and every dispute would have to be adjusted by the judgment of a court.

There being no question but that the settlement was mutual, and the payment voluntarily made, and without fraud or coercion, it must stand.

The judgments of the superior court and of the department of public works are reversed, with instructions to enter judgment for appellant.

MAIN, C. J., BRIDGES, MACKINTOSH, and MITCHELL, JJ., concur.