### DETERMINED IN THE

# SUPREME COURT

#### OF

# WASHINGTON

[No. 18486. Department Two. March 19, 1924.]

THE STATE OF WASHINGTON, *on the Relation of Tacoma Grain Company, Plaintiff,* v. THE SUPERIOR COURT FOR THURSTON COUNTY, *John M. Wilson, Judge, Respondent.*[1]

MANDAMUS (23)—APPEAL (498)—DECISION—PROCEEDINGS AFTER REMAND—VACATION OF JUDGMENT. Mandamus will not lie to compel the superior court of Thurston county to vacate a judgment entered dismissing the action on the direction of the supreme court, pending a review by writ of error to the supreme court of the United States, merely on the ground that, pending such review, the relator has a right to prosecute an action in the superior court for Pierce county which was based upon an order of the department of public works and reversed by the supreme court and the superior court of Thurston county.

Application filed in the supreme court January 11, 1924, for a writ of mandamus to compel the superior court for Thurston county, Wilson, J., to vacate a judgment. Denied.

*John E. Belcher* and *M. J. Gordon,* for relator.

*L. B. da Ponte,* for respondent.

BRIDGES, J.—By this proceeding the relator seeks an order requiring the trial court to vacate a judgment

[1]Reported in 224 Pac. 12.

entered by it in the case of Northern Pac. R. Co. v. Department of Public Works.

Some while ago the relator instituted a proceeding before the department of public works to recover certain sums which it alleged it had wrongfully been required to pay to the Northern Pacific Railway Company. The department, after a hearing, found that the railroad company had unjustly collected a certain amount from the relator and required that it be repaid within twenty days. The railroad company did not pay and, in pursuance of a statute of this state, the relator instituted suit in the Pierce county superior court to recover judgment against the railroad company in the amount which the department had found to be due it. Thereafter, pursuant to the statute, the railway company, by a writ of review to the superior court of Thurston county, sought to reverse the finding of the department. It then appeared in the Pierce county case and moved to dismiss it on the ground that the action of the department was being reviewed in the courts. This motion was sustained and the action dismissed. Relator, plaintiff in that case, appealed to this court and we reversed the judgment and directed that the case be reinstated for further proceedings. *Tacoma Grain Co. v. Northern Pac. R. Co.*, 123 Wash. 664, 213 Pac. 22.

Subsequently to our decision in the Pierce county case, the writ of review proceeding in the Thurston county case was heard by the lower court and the order of the department was upheld. The railroad company appealed to this court from that judgment and, upon hearing, we held that the relator had paid the railroad company voluntarily and had no right of recovery. We reversed the judgment of the Thurston county court and the order of the department of public works and directed judgment to be entered for the

railroad company. *Northern Pac. R. Co. v. Department of Public Works,* 125 Wash. 428, 217 Pac. 13. In due course the remittitur went down, and on September 17, 1923, a judgment of dismissal was entered. Thereafter the relator sued out a writ of error to the supreme court of the United States, where apparently the case is now pending. After this writ was sued out, relator moved the superior court of Thurston county to vacate its judgment dismissing the action. That court having orally announced that it would refuse to vacate its judgment, this writ was sued out by the relator, seeking to obtain from us an order requiring the Thurston county superior court to vacate its judgment of dismissal.

The parties here do not question the form of the judgment entered by the superior court, consequently, for the purpose of this decision, we will assume it is in accordance with our directions.

Nor does the relator ask that the superior court judgment be vacated in aid of the jurisdiction of the supreme court of the United States, and we will not discuss or decide that question.

The reason the relator wishes the judgment vacated is stated in its briefs as follows: "It is the position of the relator herein that mandamus lies to require the defendant herein (the Thurston county court) to vacate its judgment of dismissal so that the relator may proceed with its action (in the Pierce county court) on the order of the department of public works during the pendency of the writ of error in the supreme court of the United States    .    .    ." Its argument is that, since we have held that it had a right to maintain its Pierce county action, which is based on the order of the department of public works, the Thurston county court had no authority to enter a judgment, pursuant to our direction, annulling the very order on which its

Pierce county case is based. The fault of this argument is that when we ordered the Pierce county case reinstated the order of the department was in force. After that the department's order came before us on its merits and we held that it was wrongly made and entered. To now vacate the judgment entered by the Thurston county court so that the Pierce county case may proceed would be to stultify ourselves and in effect reverse our own decision.

Whether we have the power, and, if so, whether we ought to exercise it, to vacate the Thurston county judgment of dismissal entered under our directions in the case of *Northern Pac. R. Co. v. Department of Public Works, supra,* simply because our judgment is being reviewed by the supreme court of the United States, has not been briefed, nor have we been asked to order the vacation on that ground; we are asked to vacate the judgment so that the Pierce county case may proceed. This we refuse to do. The application is denied.

MAIN, C. J., FULLERTON, and MITCHELL, JJ., concur.