## NORTHERN PAC. RY. CO. v. SAUK RIVER LUMBER CO.
### No. 7887.

Circuit Court of Appeals, Ninth Circuit.
March 9, 1936.

Rehearing Denied April 13, 1936.

See also (D.C.) 56 F.(2d) 656.

L. B. daPonte and Robert S. Macfarlane, both of Seattle, Wash., for appellant.

Harold Preston, O. B. Thorgrimson, L. T. Turner, Frank M. Preston, and Charles Horowitz, all of Seattle, Wash., for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

The Sauk River Lumber Company, a Washington corporation, hereinafter called plaintiff, is engaged in the logging business. The Northern Pacific Railway Company, a Wisconsin corporation, hereinafter called defendant, is a common carrier operating a railroad between Darrington, Wash., and Everett, Wash.

Plaintiff brought this action in the superior court of Snohomish county, Wash., to recover of defendant an alleged overcharge of $9,282.63 for transporting sawlogs from Darrington to Everett; also to recover interest and attorneys' fees. The case was removed to the District Court of the United States for the Western District of Washington. There plaintiff obtained a verdict and judgment for the principal sum claimed, together with attorneys' fees. The judgment also allowed interest, but from a later date and at a lower rate than claimed by plaintiff. Both parties have appealed.

This action was commenced on June 21, 1930. It was brought under section 91, c. 117, Washington Laws of 1911, p. 600 (Rem.Rev.Stat. § 10433), which provided as follows:

"When complaint has been made to the commission [1] concerning the reasonableness of any rate, fare, toll, rental or charge for any service performed by any public service company [2], and the same has been investigated by the commission, and the commission shall determine that the public service company has charged an excessive

---

[1] Meaning the Public Service Commission created by section 1 of this chapter (Rem.Rev.Stat. § 10339).

[2] Section 8 of this chapter (Rem.Rev. Stat. § 10344) makes every common carrier a "public service company."

or exorbitant amount for such service, the commission may order that the public service company pay to the complainant the amount of the overcharge so found, with interest from the date of collection.

"If the public service company does not comply with the order for the payment of the overcharge within the time limited in such order, suit may be instituted in any court of competent jurisdiction to recover the same, and in such suit the findings and order of the commission shall be prima facie evidence of the facts therein stated. If the complainant shall prevail in such action, he shall be allowed a reasonable attorney's fee, to be fixed and collected as part of the costs of the suit * * *."

The commission referred to in section 91 was abolished in 1921. Its powers and duties were transferred to and vested in a Department of Public Works, the executive officer of which was a Director of Public Works, who, for all practical purposes, constituted the Department. Laws 1921, c. 7, §§ 2, 3, 21–28, 135, pp. 12, 18–21, 68, and chapter 110, pp. 336–338 (Rem. Rev.Stat. §§ 10434–10439, 10760, 10761, 10779, 10780–10786, 10893).

The first paragraph of section 91 was modified and, in effect, superseded by section 1, c. 110, Laws 1921, p. 336 (Rem.Rev. Stat. § 10434)[3], which provided that "The director of public works shall have power and it shall be his duty, upon complaint in writing being made to him, to determine the amount of overcharge made and refund due in all cases where any public service company, as defined in this chapter [chapter 117 of the Laws of 1911], charges an amount for any service rendered in excess of the lawful rate in force at the time such charge was made, or which may thereafter be declared to be the legal rate which should have been applied to the service rendered, and to determine to whom the overcharge should be paid * * *." The second paragraph of § 91 remained unchanged and in full force and effect. Tacoma Grain Co. v. Northern Pacific Ry. Co., 123 Wash. 664, 213 P. 22.

The order here sued on was made by the Director of Public Works on July 1, 1929. A copy of the order is attached to and made a part of the complaint. It reads as follows:

"This cause being at issue upon complaint and answer on file and having been duly heard and submitted by the parties and full investigation of the matter and things involved having been had and the Department having on the date hereof made and filed a report containing its findings of fact and conclusions thereof which said report is hereby referred to and made a part hereof.

"It is ordered, That the above named respondent [defendant] be, and it hereby is, notified to pay to the Department of Public Works in accordance with chapter 110, Laws of 1921 (Rem.Comp.Stat. § 10436) as reparation all sums in excess of the sum of $179,501.92 paid by complainant [plaintiff] to respondent on logs shipped from Darrington to Everett between December 31, 1925, and January 1, 1927, together with interest from date of collection.

"The parties hereto are directed to ascertain from the records the exact amount of reparation due under this order and to communicate the same to the Department. Jurisdiction is hereby reserved by the Department to enter a further order, requiring the payment of reparation by respondent to complainant in the sum agreed upon by the parties, or, if the parties are unable to agree then in such sum as the Department may find is in fact due; and to make such other and further orders as are necessary in the premises."

Defendant demurred to the complaint in this action and moved to dismiss it, on the ground that the facts therein stated were insufficient to constitute a cause of action, and on the ground that the superior court in which the action was commenced and the District Court to which it was removed were without jurisdiction, in that the order sued on does not determine the amount of the alleged overcharge and is, therefore, not final. The District Court overruled the demurrer and motion. This ruling is assigned as error.

The assignment is well taken. The order does not determine or purport to determine the amount of the alleged overcharge. It merely notifies defendant to pay to the Department, as "reparation," all sums in excess of the sum of $179,501.92 paid by plaintiff to defendant on logs shipped from Darrington to Everett be-

---

[3] Section 91 was amended and section 1 was repealed by chapter 148, §§ 1, 2, Laws 1933, pp. 521–523, but the amendment and repeal did not affect this or other actions then pending.

tween December 31, 1925, and January 1, 1927, together with interest. The order does not determine or purport to determine the amount of such excess, but directs the parties to ascertain it and "to communicate the same to the Department." It expressly reserves to the Department jurisdiction to enter a further order, requiring payment of "reparation" by defendant to plaintiff "in the sum agreed upon by the parties, or, if the parties are unable to agree, then in such sum as the Department may find is in fact due," thus clearly indicating that no such finding has been made.

The nearest approach to such a finding is in paragraphs 8, 9 and 10 of the findings referred to in the order, which, with the order, are attached to and made a part of the complaint in this action. It appears therefrom that the alleged overcharge resulted from the fact that, in scaling plaintiff's logs for the purpose of determining the proper freight charge, defendant used a method referred to as the "railway company's scale," whereas plaintiff contended that another method, referred to as the "bureau's scale," should have been used.

In paragraph 8 of the findings it is stated that plaintiff "presented exhibits and testimony to show the method employed in arriving at the scale figures of the bureau on which it relies." Paragraph 9 states: "The following table taken from those exhibits sets forth information pertinent to its [plaintiff's] contention. * * *" The table shows that, according to plaintiff's contention, there was an overcharge of $9,282.63. Paragraph 10 states: "Thus [by the table] it is shown that * * * the railway company's scale of all logs carried for the logging company [plaintiff] amounted to * * * a total of 75,518,010 feet; freight charges $188,784.55. * * * The bureau's scale on the identical logs * * * shows the actual board measure scale with deductions was 70,326,280 feet. Making due allowance for cars not loaded to the minimum * * * increased the footage to 71,794,990 upon which the transportation charges * * * should have been $179,501.92. Thus the overcharge would be $9,282.63 as alleged by the logging company."

This, obviously, is a mere statement of plaintiff's contention. It is not a finding of any fact. Instead of showing a determination by the Department of the amount of the alleged overcharge, the complaint shows on its face that there has been no such determination. Such a determination was a condition precedent to the institution and maintenance of this action. Belcher v. Tacoma Eastern R. R. Co., 99 Wash. 34, 45, 168 P. 782, 787; Hewitt Logging Co. v. Northern Pacific Ry. Co., 97 Wash. 597, 604, 606, 166 P. 1153, 1155, 1156, 3 A.L.R. 198. The demurrer should have been sustained.

Judgment reversed.